**IN THE UNITED STATES BANKRUPTCY COURT FOR THE**
**WESTERN DISTRICT OF PENNSYLVANIA**

IN RE:

    ERIC S. DELANEY,
    JAIME D. DELANEY                        Case 23-20377-GLT
                                                           Chapter 13

                 Debtor

LAKEVIEW LOAN SERVICING LLC,
                                                 Related Doc: 45
                                                 Hrg: 11/15/2023, 9AM

                 Movant
    v.

ERIC S. DELANEY and
JAIME D. DELANEY, and
Ronda J. Winnecour,
Chapter 13 Trustee,
                 Respondents

## RESPONSE TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY

       AND NOW come Eric and Jaime Delaney, by and through their counsel, Christian M. Rieger, Esquire, and file the following reply to Movant's request for Adequate Protection and/or relief under Section 362 of the Bankruptcy Code and F.R.B.P. 4001, and respectfully respond as follows:

       1.     Plan payments initially became delinquent in this case when Joint Debtor, Ms. Delaney, suffered a loss of income due to a care center that employed her unexpectedly shutting down. It was Ms. Delaney that was initially to provide funds into the Plan via an attachment of wages.

       2.     Subsequent to the petition date, and after final confirmation of the Chapter 13 Plan, Mr. Delaney obtained employment with Denny Enterprises in Butler, Pennsylvania. Debtor's counsel promptly initiated, and has subsequently modified, a wage attachment that has

been remitting consistently since July 2023.

3. Payments are now remitting at regular amounts sufficient to cure the early delinquency in the Plan.

4. As of the date of this Response, Movant has received $1,946.05 in principal and interest payments. Movant's Proof of Claim, including its claim of pre-petition arrears, is governing in the Chapter 13 Plan in full.

5. Moreover, Movant has admitted in its pleading there is equity in the property, and as such is adequately protected by the equity cushion as well as ongoing payments to the Trustee.

6. This is Month 8 of the Chapter 13 Plan, and considering the Debtor's consistent Plan funding, coupled with the equity cushion, the granting of Relief at this time is wholly improper and premature under 11 U.S.C. §§ 362(d)(1)-(2)(A).

7. It is also Debtors' position that that due to the early nature of the case, otherwise reliable payment history, and equity cushion, the similar granting of Conditional Relief, and any award of counsel fees, would likewise be inappropriate at this time.

WHEREFORE, Debtors respectfully request this Honorable Court deny Movant's request for relief from the Automatic Stay and other relief as this Court deems appropriate.

    Respectfully submitted,

    /s/ Christian M. Rieger
    Christian M. Rieger, Esquire
    PA: 307037
    2403 Sidney Street
    Suite 214
    Pittsburgh, PA 15203
    (412) 381-8809
    (412) 381-4594 (fax)
    criegerlaw@gmail.com

Date: October 11, 2023